

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2010 MAR 31   PM 12: 23

DEPUTY CLERK

39 453

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BUCCANEER ENERGY | § | **3 10CV 630-B** |
| CORPORATION, and | § | |
| JOSEPH "CHIP" LANGSTON | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | JURY TRIAL |
| WALTER REISSMAN, | § | |
| JOSEPH TOVEY, and | § | |
| ANDREW KIMMINS | § | |
| Defendants | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES WALTER REISSMAN, JOSEPH TOVEY, and ANDREW KIMMINS, Defendants in the above numbered and styled cause, and file this *Defendants' Notice of Removal* under 28 U.S.C. § 1446(a) and would respectfully show the court as follows:

### A.
### INTRODUCTION

1.  Plaintiffs are BUCCANEER ENERGY CORPORATION ("Buccaneer") and JOSEPH "CHIP" LANGSTON ("Langston").

2.  Defendants are WALTER REISSMAN ("Reissman"), JOSEPH TOVEY ("Tovey"), and ANDREW KIMMINS ("Kimmins"). Defendants Reissman and Tovey are citizens of the State of New York; Defendant Kimmins is a citizen of Great Britain.

3.  On October 9, 2009, Plaintiffs sued Defendants for alleged defamation and slander per se in the 86th Judicial District Court of Kaufman County, Texas.

4.  Defendant received notice of the suit on March 9, 2010.  Defendants files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

**B.**
**BASIS FOR REMOVAL**

5.  Removal is proper because there is complete diversity between the parties.  28 U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000).  Plaintiffs are a Texas corporation and an individual who is a citizen of Texas.  None of the Defendants are citizens of the State of Texas.  Defendants Reissman and Tovey are individuals who are citizens of New York State.  Defendant Kimmins is a citizen of Great Britain.

6.  The amount in controversy exceeds $75,000.00, excluding interest, costs, and attorney fees.  28 U.S.C. §1332(a).  Plaintiff alleges in its *Original Petition* the Defendants are liable for the following damages:

> Plaintiff Langston has endured shame, embarrassment, humiliation, and mental pain and anguish.  Plaintiff Buccaneer has suffered loss of reputation, good name, and standing in the business community.  Additionally, Plaintiffs have and will in the future be seriously injured in their reputation, good name, standing in the community and will be exposed to the hatred, contempt, and ridicule of the public in general as well as of their business associates, clients, friend, and relatives.

Although, Plaintiffs do not allege a specific amount in controversy in their petition, it is apparent from both the nature and severity of their allegations the amount in controversy exceeds $75,000.00.  *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (finding Plaintiff's lengthy list of compensatory and punitive damages, such as emotional distress, exceeded the $75,000.00 amount in controversy requirement).

7.  All Defendants consent to the removal of this case to federal court.  *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3rd Cir. 1995); *see* 28 U.S.C. §1446(a).

8.  All pleadings, process, orders, and other filings in the state court action are attached, as Exhibit "A", to this notice as required by 28 U.S.C. §1446(a).

9.  Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## C.
### Jury Demand

10. Plaintiff did not demand a jury in the state court action.

11. Defendants assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accord with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## D.
### Conclusion

12. Complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.  For these reasons, Defendants asks the court to remove the action to the United States District Court for the Northern District of Texas, Dallas Division

Respectfully submitted,

**The Rosenblatt Law Firm, P.C.**
4103 Parkdale Street
San Antonio, Texas 78229
Tel: (210) 562-2900
Fax: (210) 562-2929

By: _____
    JAMES D. ROSENBLATT
    State Bar No. 00788320

    SHAN MARIE EGLISKIS
    State Bar No. 24059712

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of DEFENDANTS' NOTICE OF REMOVAL was served via facsimile transmission and/or regular U.S. mail, postage pre-paid, to the following counsel of record, on this 30th day of March 2010:

Jesse Blanco                                        Via Facsimile (210) 509-6903
P.O. Box 680875
San Antonio, Texas 78268
Phone – (210) 509-6925
Fax – (210) 509-6903


_____
JAMES D. ROSENBLATT
SHAN MARIE EGLISKIS

# Exhibit "A"

# Sandra Featherston
## District Clerk



**Kaufman County**

County Courthouse
100 W. Mulberry St.
Kaufman, Texas 75142
972-932-0274

March 30, 2010

This is to certify the following documents are true and correct copies of originals on file in Cause No. 79695-86 styled Joseph "Chip" Langston, Buccaneer Energy Corporation vs. Walter Reissman, Joseph Tovey, and Andrew Kimmins

Witness my hand and seal of office in the city of Kaufman, Kaufman County, Texas on this the 30th day of March, 2010.

Sandra Featherston
District Clerk
Kaufman County, Texas

By: *Susan Cook*
Deputy Clerk

# Civil Docket

Cause Number: 79695-86

Case Type: Other Civil

Joseph "Chip Langston, Buccaneer Energy
Corporation Vs. Walter Reissman, Joseph Tovey,
et al

**Plaintiff Attorney: Jesse Blanco**

**Defense Attorney:**

**File Date : 10/09/2009**

| Month | Day | Year | Orders of the Court |
|-------|-----|------|---------------------|
|       |     |      |                     |
|       |     |      |                     |
|       |     |      |                     |

CAUSE NO. _79695-86_

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT |
| | § | |
| BUCCANEER ENERGY | § | |
| CORPORATION, and | § | |
| JOSEPH "CHIP" LANGSTON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | _86_ JUDICIAL DISTRICT |
| | § | |
| WALTER REISSMAN, | § | |
| JOSEPH TOVEY, and | § | |
| ANDREW KIMMINS, | § | |
| | § | |
| Defendants. | § | KAUFMAN COUNTY, TEXAS |

<u>PLAINTIFFS' ORIGINAL PETITION</u>

TO THE HONORABLE COURT:

BUCCANEER ENERGY CORPORATION (hereinafter "Buccaneer"), a Texas corporation, and JOSEPH "CHIP" LANGSTON (hereinafter "Langston"), both conducting business at 10210 Highway 242, Kaufman, Kaufman County, Texas, the Plaintiffs herein, complain of WALTER REISSMAN (hereinafter "Reissman"), JOSEPH TOVEY (hereinafter "Tovey") and ANDREW KIMMINS (hereinafter "Kimmins"), the Defendants herein, and for cause of action shows:

DISCOVERY LEVEL

1.  The Plaintiffs plead that discovery should be conducted in accordance with a discovery control plan under Civil Procedure Rule190.3.

PARTIES

2.  Defendant Reissman is a natural person and may be served with process at 400 Rella Blvd., Montebello, New York 10901.

3.    Defendant Tovey is a natural person and may be served with process at 40 Wall St., New York, New York 10005.

4.    Defendant Kimmins is a natural person and may be served with process at HSSL 14 Rue du Rhone, Geneva, CH-1200.

## BACKGROUND

5.    As recently as September 17, 2009 and for several months after that, Defendants made numerous remarks to one or more officers of Park Cities Bank, Dallas, Texas, which is not a party to this cause of action, regarding Plaintiff Buccaneer's business practices and Langston's honesty and integrity.

6.    These defamatory statements constitute slander per se because they asserted that the Plaintiffs were guilty of dishonesty and gross misconduct.

7.    As stated in Paragraph 5 above, one or more of the Defendants published the defamatory statements on September 17, 2009, and upon information and belief, number times before that to one or more officers of Park Cities Bank.

8.    The defamatory statements set forth above are false. The truth is that Plaintiffs have always conducted their business activities in an honest and truthful manner, which contradicts the assertions made in the defamatory statements.

9.    The Defendants made the false and defamatory statement(s) set forth above by negligently failing to state the truth. The Defendants either knew or should have known in the exercise of ordinary care that the statements were false.

10.   The Plaintiffs have conducted business with Park Cities Bank for several years and the false and defamatory statements have caused great harm to Plaintiffs' reputation and business relationship with said bank.

11.   Prior to the Defendants' defamatory remarks, the Plaintiffs enjoyed an excellent professional reputation. Plaintiffs conducted business with Park Cities Bank without ever having to deal with negative impact on their banking relationship.

## DAMAGES

12.   As a direct and proximate result of the Defendants' false and defamatory statements, the Plaintiff Langston has endured shame, embarrassment, humiliation, and mental pain and anguish. Plaintiff Buccaneer has suffered loss of reputation, good name and standing in the business community. Additionally, Plaintiffs have and will in the future be seriously injured in their reputation, good name, standing in the community, and will be exposed to the hatred, contempt, and ridicule of the public in general as well as of their business associates, clients, friends, and relatives. Consequently, the Plaintiffs seek actual damages in a sum within the jurisdictional limits of this Court.

13.   The Plaintiffs request that the Defendants be cited to appear and answer, and that on final trial the plaintiff have the following:

   a.   Judgment against Defendants for actual damages in a sum within the jurisdictional limits of the Court.

   b.   Judgment for exemplary damages against Defendants in a sum determined by the trier of fact.

   c.   Prejudgment and postjudgment interest as provided by law.

   d.   Costs of suit.

   e.   Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

Jesse Blanco, TBN 02449600
Attorney for Debtor
P.O. Box 680875
San Antonio, Texas 78268
210.509.6925  Telephone
210.509.6903  Facsimile
lawyerjblanco@gmail.com

**CITATION-NON RESIDENT NOTICE, Either Court Class 4**    **Cause # 79695-86**
**THE STATE OF TEXAS**

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:
**Walter Reissman**
**400 Rella Blvd**
**Montebello NY 10901**

Respondent, Greetings:

YOU ARE HEREBY COMMANDED to appear by filing a written answer to Plaintiff's Plaintiffs' Original Petition at or before ten o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation before the Honorable 86th District Court of Kaufman County, Texas, at the Courthouse of said County in Kaufman, Texas.

Said Plaintiff's Petition was filed in said Court, on the 9th day of October, 2009, in this cause, numbered 79695-86 on the docket of said Court and styled Joseph "Chip Langston, Buccaneer Energy Corporation Vs. Walter Reissman, Joseph Tovey, et al.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Plaintiffs' Original Petition, accompanying this citation.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Kaufman, Texas, this on this the 10th day of March, 2010.

SANDRA FEATHERSTON
DISTRICT CLERK
100 W Mulberry St
Kaufman, TX 75142
by _____ Deputy
Rhonda Hughey

Attorney for Plaintiff:
Jesse Blanco
PO Box 680875
San Antonio TX 78268

## SHERIFF'S RETURN

Came to hand on the _____ day of _____, _____, and executed in _____ County, _____ by delivering to each of the within named defendants, in person, a true copy of this citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's petition, at the following times and places, to-wit:

| NAME | TIME<br>YR/MO/DA/HR/MI/.M | PLACE, COURSE & DISTANCE<br>FROM THE COURTHOUSE | MILEAGE COST |
|------|---------------------------|------------------------------------------------|--------------|
|      |                           |                                                |              |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of the said defendant being _____.

I am a disinterested person competent to make oath of the fact.
I actually and necessarily traveled _____ miles in the service of this writ in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.
FEE-Serving _____ cop _____ $ _____
Mileage _____ miles            $ _____
Total _____                    $ _____

Subscribed and sworn to by _____ before me, the undersigned authority, this _____ day of _____, _____.

_____

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____, _____, at _____ o'clock ____.M., this copy of this instrument.

_____

_____

- **Rule 107 Verification:** Subscribed and sworn to by the above named_____before me this the____ day of _____,20___, to certify which witness my hand and seal of office.

_____
Person Administering Oath

**CITATION-NON RESIDENT NOTICE, Either Court Class 4**  **Cause # 79695-86**
THE STATE OF TEXAS

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:
**Joseph Tovey**
**40 Wall St**
**New York NY  10005**

Respondent, Greetings:

YOU ARE HEREBY COMMANDED to appear by filing a written answer to Plaintiff's Plaintiffs' Original Petition at or before ten o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation before the Honorable 86th District Court of Kaufman County, Texas, at the Courthouse of said County in Kaufman, Texas.

Said Plaintiff's Petition was filed in said Court, on the 9th day of October, 2009, in this cause, numbered 79695-86 on the docket of said Court and styled Joseph "Chip Langston,  Buccaneer Energy Corporation Vs. Walter Reissman, Joseph Tovey, et al.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Plaintiffs' Original Petition, accompanying this citation.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Kaufman, Texas, this on this the 10th day of March, 2010.

SANDRA FEATHERSTON
DISTRICT CLERK
100 W Mulberry St
Kaufman, TX 75142
by _Rhonda Hughey_ _____ Deputy
Rhonda Hughey

Attorney for Plaintiff:
Jesse Blanco
PO Box 680875
San Antonio TX  78268

## SHERIFF'S RETURN

Came to hand on the _____ day of _____, _____, and executed in _____ County, _____ by delivering to each of the within named defendants, in person, a true copy of this citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's petition, at the following times and places, to-wit:

| NAME | TIME YR/MO/DA/HR/MI/.M | PLACE, COURSE & DISTANCE FROM THE COURTHOUSE | MILEAGE COST |
|------|------------------------|----------------------------------------------|--------------|
|      |                        |                                              |              |

And not executed as to the defendant, _____
the diligence used in finding said defendant, being: _____and
the cause of failure to execute this process is: _____ and the
information received as to the whereabouts of the said defendant being _____.

I am a disinterested person competent to make oath of the fact.
I actually and necessarily traveled _____ miles in the service of this writ in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.
FEE-Serving _____ cop _____  $ _____
Mileage _____ miles  $ _____
Total _____  $ _____

Subscribed and sworn to by _____ before me, the undersigned authority, this _____ day of _____, _____.

_____

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____, _____, at _____ o'clock ____.M., this copy of this instrument.

_____
_____

- **Rule 107 Verification:** Subscribed and sworn to by the above named_____before me this the____ day of _____,20___, to certify which witness my hand and seal of office.

_____
Person Administering Oath



CITATION-NON RESIDENT NOTICE, Either Court Class 4        **Cause # 79695-86**
THE STATE OF TEXAS

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:
**Andrew Kimmins**
**HSSL 14 Rue de**
**Rhone Geneva CH-1200**

Respondent, Greetings:

YOU ARE HEREBY COMMANDED to appear by filing a written answer to Plaintiff's Plaintiffs' Original Petition at or before ten o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation before the Honorable 86th District Court of Kaufman County, Texas, at the Courthouse of said County in Kaufman, Texas.

Said Plaintiff's Petition was filed in said Court, on the 9th day of October, 2009, in this cause, numbered 79695-86 on the docket of said Court and styled Joseph "Chip Langston, Buccaneer Energy Corporation Vs. Walter Reissman, Joseph Tovey, et al.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Plaintiffs' Original Petition, accompanying this citation.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Kaufman, Texas, this on this the 10th day of March, 2010.

SANDRA FEATHERSTON
DISTRICT CLERK
100 W Mulberry St
Kaufman, TX 76142
by _Rhonda Hughey_ _____ Deputy
Rhonda Hughey

Attorney for Plaintiff:
Jesse Blanco
PO Box 680875
San Antonio TX  78268

## SHERIFF'S RETURN

Came to hand on the _____ day of _____, _____, and executed in _____ County, _____ by delivering to each of the within named defendants, in person, a true copy of this citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's petition, at the following times and places, to-wit:

| NAME | TIME YR/MO/DA/HR/MI/.M | PLACE, COURSE & DISTANCE FROM THE COURTHOUSE | MILEAGE COST |
|------|------------------------|----------------------------------------------|--------------|
|      |                        |                                              |              |

And not executed as to the defendant, _____
the diligence used in finding said defendant, being: _____and
the cause of failure to execute this process is: _____ and the
information received as to the whereabouts of the said defendant being _____.

I am a disinterested person competent to make oath of the fact.
I actually and necessarily traveled _____ miles in the service of this writ in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.
FEE-Serving _____ cop _____ $ _____
Mileage _____ miles         $ _____
Total _____                $ _____

Subscribed and sworn to by _____ before me, the
undersigned authority, this _____ day of _____, _____.

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____
day of _____, _____, at _____ o'clock ___.M., this copy of this instrument.

_____

_____

- **Rule 107 Verification:** Subscribed and sworn to by the above named_____before me this the_____ day of _____,20___, to certify which witness my hand and seal of office.

_____
Person Administering Oath

## CAUSE NO. 79695-86

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT |
| | § | |
| BUCCANEER ENERGY | § | |
| CORPORATION, and | § | |
| JOSEPH "CHIP" LANGSTON | § | |
|     Plaintiffs | § | |
| | § | 86th JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| WALTER REISSMAN, | § | |
| JOSEPH TOVEY, and | § | |
| ANDREW KIMMINS | § | KAUFMAN COUNTY, TEXAS |

### DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL

On March 31, 2010, Defendants Glen Rose Petroleum Corp. ("Glen Rose"), filed the attached notice of removal in the Office of the Clerk of the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

**The Rosenblatt Law Firm, P.C.**
4103 Parkdale Street
San Antonio, Texas 78229
Tel: (210) 562-2900
Fax: (210) 562-2929

By: _____
    JAMES D. ROSENBLATT
    State Bar No. 00788320

    SHAN MARIE EGLISKIS
    State Bar No. 24059712

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of DEFENDANTS' NOTICE OF FILING OF NOTICE OF REMOVAL was served via facsimile transmission and/or regular U.S. mail, postage pre-paid, to the following counsel of record, on this 31st day of March, 2010:

Jesse Blanco                                        Via Facsimile (210) 509-6903
P.O. Box 680875
San Antonio, Texas 78268
Phone – (210) 509-6925
Fax – (210) 509-6903


_____
JAMES D. ROSENBLATT
SHAN MARIE EGLISKIS

3-10CV-630-B

## United States District Court
## Northern District of Texas



RECEIVED

BY _____

MAR 3 1 2010

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office.  Additional sheets may be used as necessary.**

1.   **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| 86th District Court | Cause No. 79695-86 |
| Kaufman County, Texas | |

2.   **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Party Type | Attorney(s) |
|---|---|
| In re:<br>Buccaneer Energy Corporation, and Joseph "Chip" Langston, Plaintiffs<br>v.<br>Walter Reissman, Joseph Tovey, and Andrew Kimmins, Defendants | Plaintiffs: Jesse Blanco<br>TBN: 02449600<br>P.O. Box 680875<br>San Antonio, Texas 78268<br>(210) 509-6925<br>Defendants: James D. Rosenblatt<br>The Rosenblatt Law Firm<br>4103 Parkdale<br>San Antonio, Texas 78229<br>(210) 562-2900 |

3.   **Jury Demand:**

Was a Jury Demand made in State Court?          ☐ Yes          ☒ No

If "*Yes*," by which party and on what date?

_____          _____
Party                                                                    Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.      **Answer:**

Was an Answer made in State Court?          □  Yes          ☒  No

        If "*Yes*," by which party and on what date?

        _____          _____
        Party                                          Date


5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
|-------|--------------------------|
| Walter Reissman<br>Joseph Tovey | To date, the listed parties have not been properly served, but have been made aware of the suit. |


6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| Party | Reason |
|-------|--------|
| N/A | |


7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|-------|----------|
| Buccaneer Energy Company<br>Joseph "Chip" Langston | Defamation |

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

~~ORIGINAL~~

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Buccaneer Energy Corporation & Joseph "Chip" Langston

**DEFENDANTS**
Walter Reissman, Joseph Tovey, and  Andrew Kimmins

**(b)** County of Residence of First Listed Plaintiff   Kaufman Co., TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Rockland Co., NY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jesse Blanco
P.O. Box 680875
San Antonio, Texas 78268  Phone: (210) 509-6925

Attorneys (If Known)
James Rosenblatt, The Rosenblatt Law Firm
11403 Parkdale
San Antonio, Texas 78229  Phone: (210) 562-2900

RECEIVED
BY
MAR 31 2010
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3-10 CV-630-B

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
        Plaintiff

☐ 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government
        Defendant

☒ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☒ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1   Original
        Proceeding

☒ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        another district
        (specify)

☐ 6   Multidistrict
        Litigation

☐ 7   Appeal to District
        Judge from
        Magistrate
        Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1446(a)
Brief description of cause:
Plaintiff sued Defendants for defamation in Texas District Court.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
    UNDER F.R.C.P. 23

DEMAND $
75,001.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) (See instructions)
PENDING OR CLOSED:

JUDGE

DOCKET NUMBER

DATE
03/31/2010

SIGNATURE OF ATTORNEY OF RECORD
James O. Rosenblatt

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____