**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BUCCANEER ENERGY CORP. <br> AND JOSEPH LANGSTON <br> Plaintiffs <br> <br> v. <br> <br> WALTER REISSMAN, JOSEPH <br> TOVEY AND ANDREW <br> KIMMINS <br> Defendants | § § § § § § § § § § § § | <br> <br> <br> <br> <br> CIVIL ACTION NO. 3:10-CV-630-B <br> JURY TRIAL |

**STATUS REPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JANE J. BOYLE:

Defendants, WALTER REISSMAN, JOSEPH TOVEY, and ANDREW KIMMINS, submit this *Status Report* in the above case and respectfully show the court as follows:

**I.**
**INTRODUCTION**

1. On April 1, 2010, the court entered a *Status Report Order* in the above referenced matter whereby the court ordered the parties to confer and submit a joint status report to the court by April 22, 2010.

2. The deadline for each party's counsel to meet in person and confer regarding the report was April 15, 2010.

3. Defendants' attorney of record, James Rosenblatt ("Rosenblatt") sent several emails, correspondences, and left several telephone messages with Plaintiffs' attorney of record, Jesse Blanco ("Blanco") in an attempt to confer according to the requirements of the court's order. Defendants counsel telephoned Blanco on April 5, 2010, emailed on April 6, 2010, called

and faxed a letter on April 13, 2010, called and faxed a letter on April 15, 2010, and faxed a proposed order on April 20, 2010.

4. Blanco did not contact Defendants counsel until the weekend of April 17, 2010. Blanco contacted Rosenblatt by email during the weekend and notified Rosenblatt Blanco would contact him the following business day to confer regarding the status report. However, he did not contact Defendants counsel the following business day and has had no further contact with Defendants counsel. Plaintiffs' counsel also stated in his email that he was recommending his clients find new counsel to represent them in the case.

5. Attorney Steve Dowd ("Dowd") contacted Defendants on April 21, 2010, stated Plaintiffs had retained his services, and notified Defendants he would be substituting in as counsel of record in the case. To Defendants' knowledge, Dowd has not substituted in for Blanco and has not filed a notice of appearance with the court.

6. Due to the Plaintiffs' failure to engage Defendants numerous messages, refusal to cooperate with Defendants regarding the requisite face-to-face conference, and Plaintiffs' anticipated substitution of counsel, Defendants submit this *Status Report* individually in an attempt to comply with the court's order.

## II.
## STATUS REPORT

7. This is a defamation cased based on Plaintiffs' allegations the defendants made one or more defamatory statements to officers of Park Cities Bank of Dallas, Texas regarding Plaintiffs' business practices. Defendants have denied these allegations and asserted subject matter jurisdiction, personal jurisdiction, improper venue, forum non-conveniens, truth, Plaintiffs' fault, qualified common law privilege, and mitigation of exemplary damages as defenses to Plaintiffs' claims.

8. Defendants assert this court lacks subject matter jurisdiction and personal jurisdiction over them. In the event the court determines it does have subject matter and personal jurisdiction over the Defendants, the Defendants seek a transfer of venue to the Western District of Texas, Del Rio Division.

9. There are no pending motions before the court.

10. There are no specific matters that require a conference with the court.

11. The Defendants do not anticipate joining other parties to the suit or amending the pleadings.

12. The Defendants request the court consider the following requests when setting the discovery deadlines:

(a) The Defendants estimate nine (9) months are needed to conduct discovery, as the parties involved are citizens of different states and countries. For this reason, the Defendants believe a longer period would aid the discovery process. The Defendants ask the court to set the deadline for completing discovery as January 31, 2011.

(b) The subjects for which discovery may be needed include jurisdictional issues associated with the case and the allegations in general.

13. The Defendants propose electronically stored information be disclosed in either Word or PDF formats whenever possible. Otherwise, the parties should disclose electronically stored information in its native format.

14. At this time, the Defendants are unaware of any claims of privilege or protection necessitating a court order.

15. The Defendants do not believe additional limitations on discovery should be imposed outside those imposed by the Federal Rules of Civil Procedure and Northern District of Texas Local Rules.

16. The Defendants know of no other orders that should be entered by the court under Rule 26(c) or Rule 16(b) and (c).

17. The Defendants propose the following dates or deadlines:

(a) Join other parties and to amend the pleadings: November 30, 2010;

(b) File motions, including summary judgment and other dispositive motions: February 28, 2011;

(c) Complete discovery: January 31, 2011;

(d) Designate expert witnesses and make the expert disclosures required by Rule 26(a)(2): November 30, 2010.

18. The Defendants request a trial date be set for April 18, 2011. The Defendants estimate the length of trial to be (3) three to (4) four days. The Defendants have demanded a jury trial.

19. The Defendants do not consent to trial before a United States Magistrate Judge.

20. The Defendants have not made any significant progress in settlement negotiations. However, the Defendants do believe this matter would benefit from mediation. Defendants are amenable to mediation.

21. Mediation would be most appropriate for resolving this case. The Defendants propose a deadline for mediation of this matter on February 1, 2011. The Defendants believe this date would be most effective because it would allow the parties reasonable time to conduct discovery and for development of the issues prior to mediation of the matter.

22.     The Defendants know of no other matters relevant to the status and disposition of this case.

WHEREFORE PREMISES CONSIDERED Defendants respectfully pray the court grant their requests contained in the *Status Report*. The Defendants also pray for any other further relief, whether in law or in equity, to which they may be entitled.

Respectfully submitted,

**The Rosenblatt Law Firm, P.C.**
4103 Parkdale Street
San Antonio, Texas 78229
Tel: (210) 562-2900
Fax: (210) 562-2929

By: _____
JAMES D. ROSENBLATT
State Bar No. 00788320

ATTORNEY FOR DEFENDANTS WALTER REISSMAN, JOSEPH TOVEY, and ANDREW KIMMINS

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the STATUS REPORT was served via facsimile transmission and/or regular U.S. mail, postage pre-paid, to the following counsel of record, on this 22nd day of April, 2010:

| | |
|---|---|
| Jesse Blanco | Via Facsimile (210) 509-6903 |
| P.O. Box 680875 | |
| San Antonio, Texas 78268 | |
| Phone – (210) 509-6925 | |
| Fax – (210) 509-6903 | |

_____
JAMES D. ROSENBLATT